**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILES O. BONTY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. ESCUTIA, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-00428-LJO-NEW (DLB) PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND WITHIN THIRTY DAYS<br><br>(Doc. 1) |

I.　　Screening Order

　　A.　　Screening Standard

Plaintiff Miles O. Bonty ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 19, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3  506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
4  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
5  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
6  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only
7  if it is clear that no relief could be granted under any set of facts that could be proved consistent with
8  the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether
9  the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of
10 the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,
11 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also
12 Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the
13 opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.
14 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."
15 Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights
16 complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l
17 Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d
18 266, 268 (9th Cir. 1982)).
19    B.    Plaintiff's Claims
20    Plaintiff is a prisoner currently housed at Kern Valley State Prison, where the events at issue
21 in this action allegedly occurred. Plaintiff alleges that on October 16, 2005, thirty-one inmates,
22 including plaintiff, were forcibly extracted from the dining hall following a staff assault on
23 correctional officers. Plaintiff was placed in administrative segregation, and while his property was
24 being packed, defendant Escutia alleged he found weapons. Plaintiff was subsequently issued a
25 Rules Violation Report and found guilty of the charge against him. Plaintiff's claims arise from
26 these events.
27 ///
28 ///

1.   <u>Eighth Amendment Claim</u>

Plaintiff alleges an Eighth Amendment claim based on an incident in which inmates were forcibly extracted from the dining hall. The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." <u>Id</u>.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" <u>Hydrick v. Hunter</u>, 466 F.3d 676, 689 (9th Cir. 2006) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" <u>Id</u>. (quoting <u>Johnson</u> at 743-44).

Plaintiff has not alleged any facts supporting a claim that one or more of the named defendants used excessive physical force against him. Plaintiff's conclusory allegations concerning the incident itself are insufficient to demonstrate that any of the defendants named in this action were responsible for violating his rights under the Eighth Amendment during the dining hall extraction.

///

2.       Due Process Claims

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff asserts a variety of due process claims. However, plaintiff has not established the existence of any protected liberty interest of which he was deprived. Plaintiff does not have a protected liberty interest in remaining free from administrative segregation, Sandin, 515 U.S. at 484; May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997), in a particular classification status, Sandin at 484; Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976), or in the processing of his inmate appeals, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). Therefore, plaintiff's due process claims fail as a matter of law.

Further, assuming for the sake of argument that plaintiff is able to cure this deficiency, plaintiff misunderstands that the failure of prison officials to follow various state regulations, provide plaintiff with certain forms, etc. rise to a due process violation under federal law. Plaintiff is entitled to only limited procedural protections under federal law & only if those protections are not provided may plaintiff pursue a claim for relief under section 1983 for denial of due process.[1] To the extent

---

[1] Where there is a protected liberty interest at stake, placement in administrate segregation requires only that prison officials "hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated," that prison officials "inform the prisoner of the charges against [him] or the reasons for considering segregation," and that the prisoner be allowed "to present his views." Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986).

4

that defendants' actions violated plaintiff's due process rights under state law only, plaintiff may not seek redress in this action. Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997).

### 3. Retaliation

Plaintiff alleges that he was retaliated against for his participation in the dining hall incident. Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Although plaintiff alleges he was retaliated against, plaintiff's allegations do not support a claim that any of the named defendants took adverse action against him because of his exercise of a protected First Amendment right.

### 4. Section 1985

Plaintiff refers to a violation of 42 U.S.C. § 1985 in his seventh cause of action. (Doc. 1, pg. 27.) The second clause of section 1985(2) proscribes conspiracies for the purpose of impeding the due course of justice in any state, with the intent to deny equal protection of the laws, and section

---

Prisoners are not entitled to "detailed written notice of charges, representation by counsel or counsel substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." Id. Further, "due process does not require disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation." Id.

With respect to disciplinary proceedings, such proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

1985(3) proscribes conspiracies to deny equal protection of the law or equal privileges and immunities.[2] <u>Coverdell v. Dep't. of Soc. and Health Svcs., State of Washington</u>, 834 F.2d 758, 767 (9th Cir. 1987). An allegation of racial or class-based discrimination is required to state a claim for relief under either the second clause of section 1985(2) or section 1985(3). <u>Bretz v. Kelman</u>, 773 F.2d 1026, 1028-1030 (9th Cir. 1985). Plaintiff's complaint is devoid of factual allegations supporting the existence of a cognizable section 1985 claim.

### C. Conclusion

The court finds that plaintiff's complaint does not state a claim upon which relief may be granted under section 1983 or section 1985. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

///

///

---

[2] "The first clause of 1985(2) concerns conspiracy to obstruct justice in the federal courts, or to intimidate a party, witness or juror in connection therewith" <u>Bretz v. Kelman</u>, 773 F.2d 1026, 1028 n.3 (9th Cir. 1985) and is not applicable.

1    Accordingly, based on the foregoing, it is HEREBY ORDERED that:

2    1.   Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim
3         upon which relief may be granted under section 1983 or section 1985;
4    2.   The Clerk's Office shall send plaintiff a civil rights complaint form;
5    3.   Within **thirty (30) days** from the date of service of this order, plaintiff shall file an
6         amended complaint; and
7    4.   If plaintiff fails to file an amended complaint in compliance with this order, the court
8         will recommend that this action be dismissed, with prejudice, for failure to state a
9         claim upon which relief may be granted.

10   IT IS SO ORDERED.

11   Dated:   **June 18, 2007**          /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE