# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILES O. BONTY, | CASE NO. 1:07-cv-00428-LJO-GSA PC |
| Plaintiff, | ORDER DENYING MOTION TO AMEND TO MAKE CORRECTIONS, AND FOR PRELIMINARY INJUNCTIVE RELIEF |
| v. | |
| J. ESCUTIA, et al., | (Docs. 27 and 16) |
| Defendants. | ORDER DISMISSING ACTION WITH PREJUDICE AS TO FEDERAL CLAIMS EXCEPT FOR ANY CLAIM ARISING OUT OF LOSS OF TIME CREDITS, AND WITHOUT PREJUDICE AS TO STATE LAW CLAIMS |
| | (Doc. 25) |
| | ORDER THAT THIS DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

## I. Procedural History

Plaintiff Miles O. Bonty ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and California law. Plaintiff filed this action on March 19, 2007. On June 18, 2007, the Magistrate Judge dismissed plaintiff's complaint with leave to amend for failure to state any claims upon which relief may be granted. Between March 19, 2007, and August 2, 2007, plaintiff submitted three amended complaints. Pursuant to the Magistrate Judge's order of August 2, 2007, plaintiff's fourth amended complaint is currently pending before the Court.

On June 27, 2007, plaintiff filed a motion seeking preliminary injunctive relief, and on August 27, 2007, plaintiff filed another motion to amend to make corrections to his complaint.

## II. Screening Requirement

1

1   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. However, while detailed allegations are not required, a plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal quotations and citations omitted). "Factual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Id. at 1965 (citations omitted).

**III.   Plaintiff's Federal Claims**

Plaintiff is currently incarcerated at Centinela State Prison in Imperial, California. The events at issue in this action allegedly occurred while plaintiff was incarcerated at Kern Valley State
///
Prison in Delano, California. Plaintiff alleges twelve separately enumerated claims for relief under section 1983 and California tort law.

Plaintiff's claims arise from a series of events which began on October 16, 2005, when thirty-

one inmates, including plaintiff, were forcibly extracted from the dining hall following a riot. Plaintiff alleges that excessive force was used against him during the incident, and that he was retained in segregation following the incident. Plaintiff alleges his rights under the First Amendment, Eighth Amendment, and Due Process Clause of the Fourteenth Amendment were violated.

### A.     Eighth Amendment Claims[1]

Plaintiff alleges that John Does 1 and 2 used physical force against him without provocation, and John Does 3 and 4 used "treatment injurious" to him. (Doc. 25, 4th Amend. Comp., Court Record pg. 16, lns. 3-12.) Plaintiff alleges that Does 1 and 2 escorted him out of the dining hall and after his hands were restrained behind his back, walked him aggressively to the exit door and slammed into the wall when walking outside. (Id., C.R. pg. 3.) Plaintiff alleges he was then pushed to the ground, which caused injury to his chin and left knee. (Id.) Finally, plaintiff alleges that defendants Lieutenant Reynoso and Sergeant Lascano failed to intervene while force was being used against him. (Id., C.R. 16:14-23.)

Plaintiff's allegations do not support a claim that in extracting him from the dining hall following a riot situation, the force used against him by Does 1 and 2 rose to the level of malicious and sadistic. Hudson v. McMillian, 503 U.S. 1, 7 (1992). Further, there are no allegations in the complaint supporting a claim against Does 3 and 4 for violation of plaintiff's rights. Hydrick v. Hunter, No. 03-56712, 2007 WL 2445998, *5 (9th Cir. Aug. 30, 2007). Accordingly, plaintiff fails to state a claim against Does 1 through 4 for violation of the Eighth Amendment. Because plaintiff has not sufficiently alleged any underlying Eighth Amendment claim, plaintiff's allegation that defendants Reynoso and Lascano failed to intervene does not support a claim for relief under section

///

1983. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

---

[1] Identified by plaintiff as causes of action one through three.

3

### B.    First Amendment Claims[2]

Plaintiff alleges that the failure of Kern Valley State Prison appeals coordinators to provide an appeal log number caused a chilling effect on his rights, in violation of the First Amendment. (4th Amend. Comp., C.R. 17:3-10.) Plaintiff has not alleged any facts which support a claim that adverse action was taken against him because of his exercise of a protected First Amendment right. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). (4th Amend. Comp., C.R. 8:22-28 & 9:1-5.) Plaintiff fails to state a cognizable retaliation claim.

### C.    Fourteenth Amendment Due Process Claims[3]

Plaintiff's remaining federal claims all involve alleged violations of plaintiff's right to due process. Plaintiff has not identified or alleged any facts supporting the existence of a protected liberty interest, and without the existence of a protected liberty interest, plaintiff's due process claims fail as a matter of law.[4] Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005); Sandin v. Conner, 515 U.S. 472, 484 (1995); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). (4th Amend. Comp., C.R. pgs. 9:6-15:12 & 17:12-21:7.)

## IV.    Plaintiff's State Law Claims

Plaintiff alleges claims under state law for assault and battery, violation of various penal code sections, and fraud. Plaintiff has not alleged compliance with the California Tort Claims Act, State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988), may not impose liability on defendants for violation of penal code sections, see Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979), and has not alleged any facts supporting a fraud claim, Okun v. Morton, 250 Cal.Rptr. 220, 235 (Cal. Ct. App. 1988). These deficiencies notwithstanding, however, plaintiff's

---

[2] Identified by plaintiff as cause of action four.

[3] Identified by plaintiff as causes of action five through twelve.

[4] Plaintiff's exhibits indicate plaintiff lost time credits as a result of being found guilty of a disciplinary violation. (4th Amend. Comp., C.R. pg. 27.) While plaintiff does have a protected liberty interest in his time credits already earned, any claim under section 1983 is barred until such time as the result of the disciplinary hearing is invalidated and plaintiff's credits are restored. Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005). Until such time, plaintiff's sole avenue of relief is a petition for writ of habeas corpus or internal prison procedures.

4

fourth amended complaint does not state any claims upon which relief may be granted under section 1983, and plaintiff may not proceed in this action solely on state law claims. 28 U.S.C. § 1367(a); United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Because the Court will not exercise supplemental jurisdiction over plaintiff's state law claims in this situation, the claims shall be dismissed, without prejudice.

**V.     Plaintiff's Motion to Amend to Make Corrections**

On August 27, 2007, plaintiff filed a motion seeking leave to correct his fourth amended complaint. In plaintiff's first claim for relief, he erroneously cited to Bivens and the Federal Tort Claims Act ("FTCA").[5] It is unnecessary for plaintiff to make this correction. Plaintiff's claims are properly brought under section 1983 and the Court has treated the claims as such. Plaintiff may not proceed against state prison employees under Bivens or the FTCA, and the Court has not treated plaintiff's claims as brought under either theory.

Plaintiff also seeks to allege more specifically how defendants in supervisory positions were liable for the deprivation of his rights. Plaintiff's fourth amended complaint does not state any cognizable claims for relief under section 1983. Allowing plaintiff to add further allegations to support claims for relief under a theory of supervisory liability would be futile given that there are no underlying claims upon which to base the imposition of liability on supervisory personnel.

For these reasons, plaintiff's motion is denied.

**VI.    Motion for Preliminary Injunctive Relief**

On July 2, 2007, plaintiff filed a motion seeking a preliminary injunction mandating that appeals staff at Kern Valley State Prison respond to plaintiff's appeals and address the issues raised in the appeals.

///

Plaintiff is not entitled to preliminary injunctive relief. For the reasons set forth above, there is no actual case or controversy before the Court, City of Los Angeles v. Lyons, 461 U.S. 95, 101,

---

[5] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) provides a remedy for violation of civil rights by federal actors, and the FTCA allows for a limited waiver of sovereign immunity making the federal government liable for certain torts of federal employees acting within the scope of their employment. United States v. Orleans, 425 U.S. 807, 814 (1976).

5

103 S.Ct. 1660, 1665 (1983); <u>Jones v. City of Los Angeles</u>, 444 F.3d 1118, 1126 (9th Cir. 2006), plaintiff is no longer housed at Kern Valley State Prison, <u>Nelson v. Heiss</u>, 271 F.3d 891, 897 (9th Cir. 2001); <u>Dilley v. Gunn</u>, 64 F.3d 1365, 1368 (9th Cir. 1995); <u>Johnson v. Moore</u>, 948 F.2d 517, 519 (9th Cir. 1991), and because problems with the appeals process do not support a claim for violation of plaintiff's constitutional rights, the existence of problems do not afford a basis upon which to issue an order remedying those problems, <u>Ramirez</u>, 334 at 860; <u>Mann</u>, 855 F.2d at 640; <u>Massey</u>, 259 F.2d at 647.

**VII.  Order**

Plaintiff's fourth amended complaint does not state any claims upon which relief may be granted under section 1983. Plaintiff was previously granted the opportunity to amend but did not cure the deficiencies in his claims, and dismissal of this action is appropriate. Accordingly, for the reasons set forth herein, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend to make corrections, filed August 27, 2007, is DENIED;

2. Plaintiffs motion for a preliminary injunction, filed July 2, 2007, is DENIED;

3. This action is DISMISSED in its entirety as follows:

    a. With the exception of any claim arising out of the loss of time credits, plaintiff's section 1983 claims are dismissed, with prejudice, for failure to state a claim upon which relief may be granted;

    b. Any claim arising out of the loss of time credits is dismissed, without prejudice, as barred by the habeas exhaustion rule; and

    c. Plaintiff's state law claims are dismissed, without prejudice; and

4. This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

**Dated:   October 22, 2007**          /s/ Lawrence J. O'Neill
                                                          UNITED STATES DISTRICT JUDGE